## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Pierce Division

### Case No:

| | |
|---|---|
| PRISON LEGAL NEWS,<br>a project of the HUMAN RIGHTS DEFENSE CENTER,<br>a not-for-profit, Washington charitable corporation; | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| KENNETH J. MASCARA, in his official<br>capacity as Sheriff of St. Lucie County, Florida, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

_____ )

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### Introduction

1.      Plaintiff, PRISON LEGAL NEWS ("PLN"), a project of the Human Rights Defense

Center, brings this action pursuant to 42 U.S.C. § 1983 for damages and to enjoin Defendant,

KENNETH J. MASCARA, in his official capacity as Sheriff of St. Lucie County, Florida ("the

Sheriff"), from enforcing a policy at the St. Lucie County Jail ("Jail") that requires all incoming mail

sent to Jail inmates to be on postcards.  Inmates are prohibited from receiving letters enclosed in

envelopes or any publications, including publications and correspondence from Plaintiff PLN.

Further, Defendant's policies and practices do not afford notice and an opportunity to challenge the

censorship, as Due Process requires. Thus, these policies and practices violate Plaintiff's First and Fourteenth Amendment rights.

## Jurisdiction and Venue

2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3.      Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the First and Fourteenth Amendments to the U.S. Constitution and laws of the United States.

4.      This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

5.      Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing Plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

6.      Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391, as Defendant Mascara resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.      Plaintiff seeks temporary, preliminary, and permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

{07086238;1}

**Parties**

8.      Plaintiff Prison Legal News ("PLN"), is a project of the Human Rights Defense Center, a not-for-profit, Washington charitable corporation under IRS Code § 501(c)(3), with offices in Lake Worth, Florida.  PLN publishes and distributes a monthly journal of corrections news and analysis (titled *Prison Legal News*) and certain books about the criminal justice system and legal issues affecting prisoners, to prisoners, lawyers, courts, libraries, and the public throughout the Country.   PLN also maintains a website (www.prisonlegalnews.org) and operates an email list. Prisoners of all types, family and friends of prisoners, and prisoner advocates, are among the intended beneficiaries of PLN's activities. PLN seeks injunctive relief and damages.

9.      Defendant Kenneth J. Mascara is now, and at all material times has been, the Sheriff of St. Lucie County, Florida.  As St. Lucie County Sheriff, he is charged with the care and custody of inmates at the St. Lucie County Jail ("Jail"). He exercises overall responsibility for the operations of the Jail, and the training and supervision of the Jail staff who interpret and implement the Jail's mail policy for prisoners.  He is the policymaker for the Jail policy governing mail for prisoners. He enforces a policy of refusing to deliver to Jail inmates mail correspondence in the form of anything (including a letter or a publication) except a postcard ("the Postcard Policy").   This policy is reflected in Standard Operating Procedure 810.00 (entitled Inmate Mail).

10.      Defendant Mascara at all times relevant hereto was acting and continues to act under the authority and color of state law. Plaintiff sues Mascara in his official capacity. Defendant Mascara is responsible for creating and implementing these unconstitutional policies, practices, and customs, and for training and supervising the mail staff members whose conduct also have injured

-3-

{07086238;1}

and continue to injure Plaintiff and others, or ratified or adopted the polices or actions described herein.

**Factual Allegations**

**The Postcard Policy**

11.    Effective August 2, 2010, the Sheriff amended Standard Operating Procedure 810.00 (entitled Inmate Mail), to prohibit any incoming mail to Jail inmates in any form other than a postcard.   A true copy of Standard Operating Procedure 810.00 is attached to this Complaint as Exhibit A.

12.    Section III.A.2 of the Procedure states:  "For safety and security reasons, all incoming mail, with the exception of legal mail must be in the form of a postcard and will be visually scanned by staff."

13.    Pursuant to section III.B.7 of the Procedure, the maximum permitted size of a postcard is 4.25 inches by 6.0 inches.

14.    Pursuant to section III.B.4 of the Procedure, "Magazines, paperback or hardcover books (i.e. novels) cannot be received through the mail."

15.    According to section D-2 of the St. Lucie County Sheriff's Office Department of Detention Inmate Rules and Regulation Booklet, the only reading and writing materials that Jail inmates are permitted to have in their possession are 3 paperback books, 20 photos, 1 softcover Bible, 12 colored pencils, and 1 sketchpad.

16.    Defendant has used the Postcard Policy to censor Plaintiff's correspondence with Jail inmates, including *Prison Legal News*, Information Packets, and books.

17.    Defendant's Postcard Policy is unconstitutionally overbroad.

{07086238;1}

18.     Defendant's Postcard Policy is not reasonably related to any legitimate penological interest.

19.     The Jail mail policies do not require jail staff persons to provide notice to the senders or publishers of incoming mail when it is censored or rejected, nor do the policies provide for an opportunity for appeal.

**Plaintiff Prison Legal News**

20.     Plaintiff's purpose, as stated in its Articles of Incorporation, Article III, Part 6, is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society.  For the past 23 years, the core of PLN's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights.

21.     PLN is the publisher of a monthly magazine, *Prison Legal News*, and a distributor of books and other materials pertaining to the legal rights of prisoners and the conditions affecting prisoners.

22.     *Prison Legal News* is comprised of writings from legal scholars, attorneys, inmates and news wire services.  PLN has subscribers in every state correctional system, the federal Bureau of Prisons, and hundreds of county jails across the country, and, except for a small handful of jails, none have attempted to censor PLN's correspondence with a postcard only policy.   Subscribers to *Prison Legal News* also include attorneys, judges, journalists, academics, and others who have an interest in topics included in the magazine.

{07086238;1}

23.     PLN engages in core protected speech and expressive conduct on matters of public concern, such as operations of prison facilities, prison conditions, prisoner health and safety, and prisoners' rights.

24.     PLN's publications, books and other materials, as described above, are political speech and social commentary, which are at the core of First Amendment values and are entitled to the highest protection afforded by the U.S. Constitution.

25.     Because of the Postcard Policy, PLN has been unable to fulfill its stated mission of educating prisoners and has been unable to distribute its constitutionally protected materials to inmates in Defendant's custody.

**PLN's Attempts to Send Mail to Jail Inmates**

<u>Monthly Publications</u>

26.     PLN's monthly journal, *Prison Legal News*, is a black and white 64-page magazine on newsprint paper that contains articles on corrections news and analysis about prisoners' rights, court rulings, the management of prison and jail facilities, and conditions of confinement.

27.     In April 2012, PLN individually mailed nine copies of *Prison Legal News* to subscribers who were inmates in the Jail.  Each copy of the magazine was not in an envelope; rather, each copy was pre-printed with an individual subscriber's name and address.   Defendant rejected each copy of the publication and did not deliver the publications to their intended recipients.  Each copy was returned to PLN with a United States Postal Service (USPS) "Notice of Undeliverable Periodical" sticker with the box for "Refused" checked.

28.     In May 2012, PLN individually mailed twenty-three copies of *Prison Legal News* to subscribers who were inmates in the Jail.  Each copy of the magazine was not in an envelope; rather,

{07086238;1}

each copy was pre-printed with an individual subscriber's name and address.  Defendant rejected twenty-two copies of the publication and did not deliver them to their intended recipients, as twenty-two copies were returned to PLN with a USPS "Notice of Undeliverable Periodical" sticker with the box for "Refused" checked.  Defendant placed a "POST CARD ONLY" stamp on two of the rejected publications returned to PLN.  Upon information and belief, the twenty-third copy was also rejected and not delivered to its intended recipient.

29.     In June 2012, PLN individually mailed twenty-seven copies of *Prison Legal News* to subscribers who were inmates in the Jail.  Each copy of the magazine was not in an envelope; rather, each copy was pre-printed with an individual subscriber's name and address.  Defendant rejected fifteen copies of the publication and did not deliver them to their intended recipients, as fifteen copies were returned to PLN with a USPS "Notice of Undeliverable Periodical" sticker with the box for "Refused" checked. Upon information and belief, the remaining twelve copies were also rejected and not delivered to their intended recipients.

30.     Since June of 2012 and continuing through the present, PLN has had between 10 and 15 subscribers in the Jail at any given time, and has sent each of them the monthly issue of *Prison Legal News* each month.  Each copy was individually addressed to the specific inmate-subscriber.  On information and belief, Defendant rejected nearly all of those materials and has not delivered them to their intended recipients.  Further, since June of 2012, despite the dozens of monthly issues PLN has sent, Defendant has only returned two to PLN: one stamped with "RETURN TO SENDER" and the other "Inmate no longer at this facility."  On information and belief, these inmates were in custody at the time the Jail received the monthly journals.

{07086238;1}

31.     With all of the rejected monthly journals, Defendant did not provide any further information to PLN other than what is noted above.  At no time did Defendant provide any information to PLN on how to appeal the rejection of its mail.  Defendant did not provide to PLN an opportunity to appeal the rejection of PLN's mail.

32.     PLN intends to continue sending a monthly issue of *Prison Legal News* to all of the subscribers in the Jail each month.

<u>Sample Issues</u>

33.     Between February 2012 and September 2012, PLN sent thirty-five sample issues of *Prison Legal News*, enclosed in standard 9 inch by 12 inch manila envelopes, to inmates in the Jail. Each was individually addressed to a specific inmate.  Defendant rejected fifteen of the sample issues and did not deliver them to their intended recipients, as fourteen of the envelopes were returned to PLN stamped "POST CARDS ONLY" and "RETURN TO SENDER," and one was returned to PLN with just a USPS refusal stamp.  Upon information on belief, seventeen additional copies were also rejected and not delivered to their intended recipients.

34.     On March 25, 2013, PLN sent a sample issue of *Prison Legal News*, enclosed in a standard 9 inch by 12 inch manila envelope, to a specific inmate at the Jail.  Defendant rejected the envelope and did not deliver it to the intended recipient.  The envelope was returned to PLN with a "REFUSED" and a "RETURN TO SENDER" stamp, and "No Personal Subscriptions" written by hand.

35.     With all of the rejected materials, Defendant did not provide any further information to PLN other than what is noted above.  At no time did Defendant provide any information to PLN

-8-

on how to appeal the rejection of its mail.  Defendant did not provide to PLN an opportunity to appeal the rejection of PLN's mail.

Information Packets

36.     PLN's "Information Packet" includes (1) The *Prison Legal News* Brochure and Subscription Order Form; (2) The PLN Book List; and (3) The Published Books Brochure. It is sent in a standard while #10 envelope.

a.   *Prison Legal News* Brochure and Subscription Order Form:  This brochure and order form include: a description of the topics covered in PLN's monthly magazine, subscription rates, special subscription offers, a subscription order form, a description of three books available for purchase or included with a subscription to *Prison Legal News—Protecting Your Health & Safety*, *With Liberty for Some: 500 Years of Imprisonment in America*, and *Prison Profiteers: Who Makes Money from Mass Incarceration*—and other information about PLN's bookstore.

b.   PLN Book List:  The book list includes a description of 42 books, dictionaries, and legal resource materials available for purchase.  The books available for purchase cover a variety of topics, including the basic rights of prisoners regarding health and safety, the American criminal justice system, finding the right lawyer, DNA testing, issues related to imprisoned women, self-representation in court, developing a successful re-entry plan upon release, searching for a job, crime and poverty, and the mental health crisis in U.S. prisons and jails.

c.   PLN Published Books Brochure:  The PLN Published Books brochure provides details about two books published by PLN and includes detailed information about and an order form for (1) *Prisoners' Guerilla Handbook to Correspondence Courses in the United States and Canada*, by Jon Marc Taylor (a comprehensive book on high school, vocational, paralegal, undergraduate, and graduate courses available to prisoners through written correspondence programs of study), and (2) *The Habeas Citebook: Ineffective Assistance of Counsel*, by Brandon

-9-

Sample (a legal resource book on the topic of ineffective assistance of counsel and habeas corpus litigation).

37.     Between February 2012 and June 2013, PLN sent forty-four Information Packets to inmates in the Jail.  Each was individually addressed to a specific inmate.  Defendant rejected twenty-two of the Information Packets and did not deliver them to their intended recipients, as twenty-two of them were returned to PLN with either a "POST CARDS ONLY" stamp, a "RETURN TO SENDER" stamp, or both.  On information and belief, Defendant rejected nineteen Information Packets and did not deliver them to their intended recipients.

38.     With all of the rejected materials, Defendant did not provide any further information to PLN other than what is noted above.  At no time did Defendant provide any information to PLN on how to appeal the rejection of its mail.  Defendant did not provide to PLN an opportunity to appeal the rejection of PLN's mail.

<u>Books</u>

39.     The book *Protecting Your Health and Safety: A Litigation Guide For Inmates* (*PHYS*) was written by Robert E. Toone, and edited by Dan Manville.  Both are experienced attorneys. The book was originally commissioned and published by the Southern Poverty Law Center; now PLN is the book's sole distributor.  The book is a thorough guide designed to assist inmates proceeding *pro se* in litigating cases about the conditions of their confinement.

40.     Between February 2012 and August 2013, PLN sent forty-five copies of *PYHS*, packaged in standard cardboard book boxes, to inmates in the Jail.  Each was individually addressed to a specific inmate.  Defendant rejected thirty-one copies of the book and did not deliver them to

-10-

their intended recipients, as thirty-one books were returned to PLN marked with a single or combination of the following markings: a "RETURN TO SENDER" stamp, a USPS "Refused" stamp, a "POST CARDS ONLY" stamp, and the note "To be ordered via library."  On information and belief, Defendant rejected the remaining fourteen copies of *PYHS* and did not deliver them to their intended recipients.

41.    With all of the rejected materials, Defendant did not provide any further information to PLN other than what is noted above.  At no time did Defendant provide any information to PLN on how to appeal the rejection of its mail.  Defendant did not provide to PLN an opportunity to appeal the rejection of PLN's mail.

**The Effect of the Postcard Policy on PLN**

42.    Defendant's policies and practices described above have frustrated, and continue to frustrate, PLN's organizational mission and have caused PLN to divert its resources.

43.    Defendant's policies and actions have violated, continue to violate, and are reasonably expected to violate in the future PLN's constitutional rights to communicate its political message to prisoners, to recruit new supporters, readers and subscribers, and have caused PLN additional financial harm in the form of diversion of its resources, lost subscriptions, and lost publication and book purchases.

44.    PLN currently has approximately thirteen subscribers in the Jail, and reasonably expects that number to increase.  PLN intends to continue sending issues of *Prison Legal News*, books, Information Packets, and other materials to inmates in the Jail in the future.

{07086238;1}

45.     Defendant's policies and its censorship of the expressive activities set forth above have a chilling effect on future speech and are the moving force behind the violations of PLN's constitutional rights described herein.

### Count One – First Amendment to the United States Constitution

46.     Plaintiff PLN realleges and incorporates by reference the preceding paragraphs, as if fully set forth herein.

47.     PLN's actions of sending materials to inmates in the Jail constitute core protected speech, enjoying the highest protection under the First Amendment.

48.     Defendant's actions of refusing to deliver PLN's materials pursuant to the Postcard Policy violate PLN's rights of free speech, press, and association as protected by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.  PLN has been and will continue to be irreparably harmed by the Sheriff's denial of its fundamental constitutional right to free speech.

49.     The acts described above have caused damage to PLN, and will continue to cause damage in the future.

### Count Two – Fourteenth Amendment to the United States Constitution (Due Process)

50.     Plaintiff PLN realleges and incorporates by reference the preceding paragraphs, as if fully set forth herein.

51.     Defendant, in denying Plaintiff its right to communicate with Jail inmates, has deprived Plaintiff of constitutionally protected liberty and/or property interests without due process of law.

{07086238;1}

52.     Defendant's failure and refusal to provide Plaintiff with constitutionally required notice and an opportunity to be heard and/or protest the decision each time Plaintiff's materials are intercepted by Defendant violates Plaintiff's rights to due process of law protected by the Fourteenth Amendments to the U.S. Constitution and by 42 U.S.C. § 1983.  PLN has been and will continue to be irreparably harmed by the Sheriff's denial of its fundamental constitutional right to free speech.

53.     The acts described above have caused damage to PLN, and will continue to cause damage in the future.

### Request for Relief

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(a)     Declare that the Postcard Policy violates the First and Fourteenth Amendments to the U.S. Constitution;

(b)     Declare that Defendant's conduct violates both Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution;

(c)     Enter a preliminary and permanent injunction establishing that the Postcard Policy is unconstitutional, prohibiting Defendant from refusing to deliver Plaintiff's materials to Jail inmates, ordering Defendant to deliver all past materials which were previously censored, and requiring Defendant to provide Plaintiff with individualized notice and an opportunity to be heard and/or protest the decision each time Plaintiff's materials are rejected by Defendant;

(d)     Award PLN nominal and compensatory damages against Defendant in a sufficient amount to compensate PLN for, among other things, the violation of PLN's First and Fourteenth Amendment rights, the failure to deliver PLN's materials, the failure to provide PLN with

-13-

{07086238;1}

constitutionally required notice and an opportunity to be heard, the impediment of PLN's ability to disseminate its political message, the frustration of PLN's organizational mission, the diversion of PLN's resources, PLN's loss of potential subscribers and customers, PLN's inability to recruit new subscribers and supporters, PLN's loss of reputation, PLN's costs of printing, handling and mailing costs, costs of staff time, and other damages to be proven at trial;

(e)     Award Plaintiff its costs and attorneys' fees arising out of this litigation, pursuant to 42 U.S.C. § 1988;

(f)     Retain jurisdiction over this matter to enforce the terms of the Court's orders; and

(g)     Grant Plaintiff such other and further relief as may be just and equitable.

### Jury Demand

Plaintiff demands a trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Dante P. Trevisani, Esq.
Florida Bar No. 72912
**Florida Justice Institute, Inc.**
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: *RBerg@FloridaJusticeInstitute.org*
E-mail: *DTrevisani@FloridaJusticeInstitute.org*

Lance Weber, Esq.
Florida Bar No. 104550
Robert Jack, Esq.
Florida Bar No. 85064

-14-

{07086238;1}

**Human Rights Defense Center**
PO Box 1151
Lake Worth, FL  33460
561.360.2523 Office
866.228.1681 Fax
E-Mail: lweber@humanrightsdefensecenter.org
E-Mail: rjack@humanrightsdefensecenter.org

Attorneys for Plaintiff PLN

By:    *s/ Randall C. Berg, Jr.*
        Randall C. Berg, Jr., Esq.

## DECLARATION OF PAUL WRIGHT

I, Paul Wright, pursuant to 28 U.S.C. § 1746, make this Unsworn Declaration Under Penalty of Perjury, and declare that the statements made below are true, and state:

My name is Paul Wright, and I am the editor of *Prison Legal News*, which is the chief publication of Prison Legal News ("PLN"), the Plaintiff in the above-captioned case. PLN is a project of the Human Rights Defense Center ("HRDC"), a nonprofit charitable corporation.  I am also the founder and Executive Director of the HRDC.

I have reviewed the Verified Complaint set forth above and I find the facts contained therein to be true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

By: *Paul Wright*

Paul Wright

Date: December 17, 2013

-15-

{07086238;1}