UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

CASE NO. 2:13-cv-14481-JEM

PRISON LEGAL NEWS, etc.,

    Plaintiff,

vs.

KENNETH MASCARA, in his official
capacity as Sheriff of St. Lucie County,
Florida,

    Defendant.
_____/

### ANSWER AND DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

The Defendant KENNETH J. MASCARA, in his official capacity as the Sheriff of St. Lucie County, Florida, by and through his undersigned attorneys, files this his Answer and Defenses, and in support thereof would allege as follows:

### Introduction

1. Admitted that this an action brought by Prison Legal News ("PLN") pursuant to 42 U.S.C. §1983 for damages and to enjoin Defendant Kenneth Mascara. Denied that the alleged policies and practices violate Plaintiff's constitutional rights under the First and Fourteenth Amendments.

### Jurisdiction and Venue

2. Admitted that this Court has subject matter jurisdiction under 28 U.S.C. §1331, and 1343.

3. Admitted that Plaintiff is bringing an action under the authority of 42 U.S.C. § 1983 in

order to redress the alleged deprivations of rights under the Constitution and laws of the United States.

4. Admitted.

5. Admitted.

6. Admitted that venue is proper in the Southern District of Florida.

7. Admitted as to the relief sought by the Plaintiff. Denied as to liability.

## Parties

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Admitted that the Defendant Mascara is the Sheriff of St. Lucie County, Florida. All of the remaining allegations are denied as being incomplete and inaccurate recitation of the Sheriff's obligations and responsibilities vis a vis operation of the St. Lucie County Jail.

10. Denied.

## Factual Allegations

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

**Plaintiff Prison Legal News**

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Denied.

**PLN's Attempts to Send Mail to Jail Inmates**

<u>Monthly Publications</u>

26. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 27.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

<u>Sample Issues</u>

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

Information Packets

36. a-c.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

Books

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

**The Effect of the Postcard Only Policy on PLN**

42. Denied.

43. Denied.

44. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Denied.

## Count One - First Amendment to the United States Constitution

46.     See Defendant's responses to preceding paragraphs.

47.     Denied.

48.     Denied.

49.     Denied.

## Count Two- Fourteenth Amendment to the United States Constitution (Due Process)

50.     See Defendant's responses to preceding paragraphs.

51.     Denied.

52.     Denied.

53.     Denied.

## Request for Relief

WHEREFORE CLAUSE:

   a.-g. Denied.

## Affirmative Defenses

1.     As a first and separate Defense, the Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would assert that Plaintiff has failed to make sufficient allegation of ultimate fact from which it may be determined that a claim for relief has been stated.

2.     As a further in separate defense, the Defendant asserts that there have been no grievances filed by any inmates at the St. Lucie County jail complaining about not receiving Prison Legal News publications.

3.      As a further in separate defense, the Defendant asserts that he is not required by law to make inmates of St. Lucie County Jail captive audiences to the solicitation and marketing efforts of Prison Legal New regarding its publications.

4.      As a further in separate defense, the Defendant asserts that Plaintiff lacks standing and is not the real party in interest as to any claims and allegations from other publishers, companies, organizations, prisoners or individuals other than itself.

5.      As a further in separate defense, the Defendant asserts that Plaintiff lacks standing and is not the real party in interest as to any claims and allegations regarding the Defendant's policy concerning the form of inmate correspondence.

6.      As a further in separate defense, the Defendant asserts that the Plaintiff fails to state a claim upon which relief may be granted pursuant to the First Amendment regarding the Defendant's policy regarding inmate correspondence, or that said policy violates *Turner v. Safley*, 482 U.S. 78, 89-92 (1987).

**I HEREBY CERTIFY** that a copy of the foregoing was sent via the Clerk's CM/ECF electronic filing system this **24th** day of January, 2014, to: RANDALL C. BERG, JR., Esquire, and DANTE P. TREVISANI, Esquire, co-counsel for Plaintiff, Florida Justice Institute, Inc., 3750 Miami Tower, 100 S.E. Second Street, Miami, Florida 33131-2309 (Rberg@FloridaJusticeinstitute.org; Dtrevisani@FloridaJusticeInstitute.org.); and LANCE WEBER, Esquire and ROBERT JACK, Esquire, co-counsel for Plaintiff, Human Rights Defense Center, P.O. Box 1151, Lake Worth, Florida 33460 (lweber@humanrightsdefensecenter.org; rjack@humanrightsdefensecenter.org) 3475 Sheridan Street, Sheridan Executive Centre, Hollywood, Florida 33021.

                        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
                        Attorneys for Defendant SHERIFF
                        2455 East Sunrise Boulevard, Suite 1216
                        Fort Lauderdale, Florida 33304
                        Telephone (954) 462-3200
                        Telecopier (954) 462-3861
                        E-mail: bruce@purdylaw.com.
                                  adriana@purdylaw.com.


BY     */s/ Bruce W. Jolly*
          BRUCE W. JOLLY
          Fla. Bar No. 203637


BY     */s/ Adriana M. Jisa*
          ADRIANA M. JISA
          Fla. Bar No. 0627925